UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cr-000184-JAW |
| | ) | |
| BARRY DIAZ, | ) | |
| MARK RAZO, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF VENUE AND
DEFENDANT DIAZ'S MOTION TO TRANSFER VENUE**

Defendants Barry Diaz and Mark Razo request that the Court dismiss the Second Superseding Indictment on the ground of improper venue in the District of Maine. (ECF Nos. 56 (Razo), 60 (Diaz).) Defendant Diaz alternatively requests a transfer of venue. (ECF No. 61.) Defendants are charged in a Second Superseding Indictment with three counts of knowing and intentional use of a communication facility (counts I-III) and one count of conspiracy to distribute and possess with intent to distribute controlled substances (count IV). I recommend that the Court deny the motions.

**MOTIONS TO DISMISS FOR LACK OF VENUE**

The United States Constitution—in Article III, Section 2, Clause 3 and in the Sixth Amendment—entitles federal criminal defendants to a prosecution situated in a "locus delicti," *i.e.*, in a state where the charged offense allegedly transpired. The Federal Rules of Criminal Procedure refine this requirement to direct that criminal prosecutions take place not merely in a state, but in "a district in which the offense was committed," unless a statute or rule provides otherwise. Fed. R. Crim. P. 18. "The result is a safety net, which ensures that a criminal

defendant cannot be tried in a distant, remote, or unfriendly forum solely at the prosecutor's whim." United States v. Salinas, 373 F.3d 161, 164 (1st Cir. 2004).

The determination of appropriate venue is a function of "the nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946). "If the crime consists of distinct parts occurring in different places, venue is proper where any part of the crime occurred." Salinas, 373 F.3d at 164. This principle, too, has been codified by Congress: "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

When venue is challenged, the Government bears the burden of proving proper venue by a preponderance of the evidence as to each individual count. Salinas, 373 F.3d at 163. Because venue is not an element of the charged crime, the familiar beyond-a-reasonable-doubt standard does not apply to proof of venue. United States v. Lanoue, 137 F.3d 656, 661 (1st Cir. 1998). Demonstrating proper venue as to one count does not automatically confer proper venue as to additional counts; there is no concept of "supplemental venue" in the criminal law. Salinas, 373 F.3d at 164.

"Unlike civil actions, a criminal action, particularly one initiated by an indictment, is not generally subject to dispositive motion practice." United States v. Cameron, 662 F. Supp. 2d 177, 179 (D. Me. 2009). A grand jury's return of a criminal indictment is a constitutional function and "the power of the Court to dismiss an indictment is reserved for extremely limited circumstances and exercised with caution." Id. (citations omitted). To determine the propriety of venue in the context of a pretrial motion to dismiss an indictment, the Court accepts as true the

Government's venue-specific allegations and any "unchallenged statement of proof of the prosecutor." United States v. Ferris, 807 F.2d 269, 271 (1st Cir. 1986). The Government satisfies its burden of pleading venue if it alleges that criminal conduct occurred within the venue.[1] If the indictment is facially sufficient, the Court may not grant a pretrial motion to dismiss the indictment based on a defendant's introduction of extrinsic evidence. United States v. Nicolo, 523 F. Supp. 2d 303, 320 (W.D.N.Y. 2007); United States v. Stein, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006). Allegations that the offense occurred within the District will suffice; there is no need for the Government to supply specific addresses or detailed factual recitations related to venue. Nicolo, 523 F. Supp. 2d at 320. Ultimately, the Government's burden to prove proper venue is a trial burden, not a pretrial burden.[2] United States v. Snipes, 611 F.3d 855, 866 (11th Cir. 2010); United States v. Rommy, 506 F.3d 108, 119 & n.5 (2d Cir. 2007).

For reasons that follow, the Government's allegations are sufficient to establish that this district is a proper venue for prosecution of both the "communication facility" charges and the conspiracy charge.

A.  *Use of a "communication facility"*

Pursuant to 21 U.S.C. § 843:

It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this title[3] or title III[4]

---

[1]  Neither the Constitution nor Rule 18 requires that venue be pled. "Although criminal defendants have a right to be tried in a proper forum, they have no right to be charged with the proper venue. An indictment therefore is sufficient despite the absence of any statement as to the place of the crime, although a bill of particulars typically will be granted where an indictment contains no venue allegation." United States v. Stein, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) (citing, inter alia, 1 Charles Alan Wright, Federal Practice and Procedure: Criminal 3d § 125, at 572-73 (1999)).

[2]  Defendants are expected to preserve the issue, of course, and must press the issue prior to the jury's return of a verdict. United States v. Cordero, 668 F.2d 32, 44 (1st Cir. 1981).

[3]  Title II references the "Controlled Substances Act."

[4]  Title III references the "Controlled Substances Import and Export Act."

> [of the Comprehensive Drug Abuse Prevention and Control Act of 1970.] Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

The Government charges Defendant Razo with three counts and Defendant Diaz with two counts of unlawful use of a communication facility (a telephone) to commit the conspiracy charged in count IV. The Second Superseding Indictment (ECF No. 32) identifies the dates of the communications as July 26, 2011 (two calls) and May 7, 2011 (one call). According to the Indictment, these calls were placed "in the District of Maine and elsewhere." (Id. at 1.)

The representations found in the motions and related papers reflect that Defendant Razo was incarcerated in California on the dates in question and the Government's contention is that Defendant Diaz communicated with Razo by means of a cell phone. According to the Government, the evidence to be presented at trial will establish that Diaz was present in the District of Maine when these communications occurred. (See Gov't's Consol. Response to Def. Diaz's Mot. to Dismiss and Mot. to Transfer at 6, ECF No. 65; Gov't's Surreply to Def. Razo's Mot. to Dismiss at 1-2, ECF No. 70.)

"To obtain a conviction under 21 U.S.C. § 843(b), the government must prove that the defendant: (1) knowingly or intentionally (2) used a telephone or other communications facility (3) to commit, cause or facilitate the 0commission of a drug felony" and "venue is appropriate in both the district where the call was made and in the district where it was received." United States v. Goodwin, 433 Fed. Appx. 636, 642 (10th Cir. 2011). See also Andrews v. United States, 817 F.2d 1277, 1279 (7th Cir. 1987). The Government's venue allegation suffices with respect to the communication facility charges because it alleges commission in this District and

4

the Government's representation concerning Diaz's physical presence in Maine during the calls is more than adequate to overcome the motions to dismiss on venue grounds.

### B.   *Conspiracy*

The fourth count of the Second Superseding Indictment charges Defendants with conspiring with one another and with "others known and unknown" to distribute and to possess with the intention to distribute controlled substances, including mixtures or substances containing heroin, marijuana, cocaine, and methamphetamine, its salts, isomers, and salts of its isomers.  As to drug quantities, the most serious allegations appear to be related to methamphetamine.

Defendants relate that the facts underlying the methamphetamine charges include a seizure of methamphetamine in Iowa, not in Maine, and that the methamphetamine was transported to Iowa from California, possibly by one Bianca Ortiz-Rodriguez or possibly by one Darlene Duran.  Defendants also explain that there is another indictment charging Defendant Diaz and others not named here in separate conspiracies to distribute the heroin, cocaine, and marijuana, but not the methamphetamine.  (Def. Razo Mot. to Dismiss at 1-3, 6;  Def. Diaz Mot. to Dismiss at 1-2;  see also United States v. Diaz, 1:11-CR-00159-JAW-1, 2, 3, 4:  ECF No. 130 (Second Superseding Indictment) (including as defendants Darlene Duran, Amber Davis, and Jesse Morrison, but charging conspiracies to distribute cocaine and Oxycodone).)  Defendants expect that the Government will attempt to prove that alleged heroin, cocaine, and marijuana conspiracies transpired within the District of Maine and they maintain that the Government has joined the alleged methamphetamine conspiracy with the other drug distribution conspiracies in order to give a false impression that venue is also appropriate in this District for the

methamphetamine charge. (Def. Razo Mot. to Dismiss at 6-7; Def. Diaz Mot. to Dismiss at 4-5.)

Venue in a conspiracy case exists whenever an overt act in furtherance of the alleged conspiracy occurred in the trial district. United States v. Uribe, 890 F.2d 554, 558 (1st Cir. 1989) (citing 18 U.S.C. § 3237(a)). For purposes of a conspiracy, venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). A defendant need not have had a physical presence in the district. United States v. Cordero, 668 F.2d 32, 43 (1st Cir. 1981).

The presence of Diaz in Maine in connection with his use of a communication facility to develop a drug distribution conspiracy with Razo is a sufficient act to support venue in Maine for a conspiracy prosecution of both Defendants. See, e.g., Cordero, 668 F.2d at 43-44 (basing venue on agent's presence in the district during conspiracy-related telephone calls with defendant, who did not enter district); United States v. Gonzalez, 683 F.3d 1221, 1224 (9th Cir. 2012) (basing venue on an informant's presence in the district during conspiracy-related telephone calls with the defendant); United States v. Rommy, 506 F.3d 108, 120 (2d Cir. 2007) ("In cases involving telephone calls between co-conspirators in different districts, . . . venue lies in either district as long as the calls further the conspiracy.") (internal quotation marks omitted).[5]

C.   *Summation*

The Government has adequately alleged venue-specific acts that support prosecution of Defendants in this District. The Government's burden is to prove these allegations at trial, not in the context of a motion to dismiss. Accordingly, I recommend that the Court deny Defendant

---

[5] The question of whether the Government can prove that Razo was party to a conspiracy to distribute all of the different controlled substances described in the Second Superseding Indictment is beside the point. Even though he was located in California, the cases are clear that he may be tried in this District based on telephone communications originating from or received in this District if those communications developed or furthered a drug distribution conspiracy.

Diaz's Motion to Dismiss for Improper Venue (ECF No. 60) and Defendant Razo's Motion to Dismiss for Improper Venue (ECF No. 56).

### MOTION TO TRANSFER VENUE

In addition to seeking dismissal of the Second Superseding Indictment, Diaz requests a change of venue.  Diaz states that most of the time between April and August 2011 he was not in Maine but traveling between Connecticut, Pennsylvania, and New York and that his co-defendant, Razo, was located in California.  (Def. Diaz Mot. to Transfer Venue for Trial at 2, ECF No. 61.)  According to Diaz, trial of the conspiracy charge "will result in substantial inconvenience to Defendant because the charge's most significant piece of conduct, the methamphetamine transaction, did not occur in Maine."  (Id. at 3.)

*A.    The Platt factors*

When "the convenience of the parties, witnesses, victims, and the interest of justice so dictates," United States v. Quiles-Olivo, 684 F.3d 177, 181 (1st Cir. 2012), "the court may transfer the proceedings, or one or more counts, against [the moving] defendant to another district," Fed. R. Crim. P. 21(b).  "[V]enue change under Rule 21(b) may be warranted depending on a number of factors, the significance of which inevitably will vary depending on the facts of a given case."  Quiles-Olivo, 684 F.3d at 184.  The relevant factors are drawn from the Supreme Court opinion of Platt v. 3M, 376 U.S. 240 (1964), and include location of the defendant, location of witnesses, location of events in issue, location of documents and records, potential for disruption of a defendant's business, expense to the parties, location of counsel, docket conditions in the alternative districts, and any other special factors that may apply.  Quiles-Olivo, 684 F.3d at 184-85 (citing Platt, 376 U.S. at 243-44).  "No one of these factors is dispositive, and '[i]t remains for the court to try to strike a balance and determine which factors

are of greatest importance.'" United States v. Farkas, 474 Fed. Appx. 349, 353 (4th Cir. 2012) (quoting United States v. Stephenson, 895 F.2d 867, 875 (2d Cir. 1990)).

Diaz argues that the most convenient venue is "in California," because he and Razo will call witnesses located in California who will testify that Razo "could not and did not participate in a conspiracy to distribute drugs" while incarcerated in California. (Mot. to Transfer at 3-4.) Otherwise, Diaz argues that Maine is not a particularly advantageous venue because the conspiracy charge "has little connection to Maine" and because the methamphetamine transaction, in particular, "occurred completely outside of Maine" and "there is no evidence that anyone located in Maine [was] involved in the methamphetamine conduct." (Id. at 4.) On this score, Diaz returns to the position that the alleged methamphetamine conduct "is unrelated and dissimilar to" the alleged conduct involving other controlled substances based on the quantities involved, the persons participating, and differences related to "the geographical location of the conduct and methodology." (Id.) Finally, Diaz reports that his sister is a resident of California and that she has recently experienced a heart attack. Diaz understandably wishes to be able to visit with her. (Id. at 5.)

Diaz's arguments for transfer are unpersuasive. As it now stands, Defendants are both in custody in Maine. Diaz, the movant, offers no significant reason why a California trial would be of greater convenience to him than a Maine trial. Most of his alleged criminal activity appears to have taken place in the Northeast. As for the location of witnesses, Razo's ability to participate in a drug distribution conspiracy while incarcerated in California does present an issue for trial, but Diaz does not articulate what the testimony would entail or why any particular California witness would be unable to testify in Maine. Failure to supply these specifics is a shortcoming of his motion. United States v. Noland, 495 F.2d 529, 534 (5th Cir. 1974); United States v. Kelly,

467 F.2d 262, 264 (7th Cir. 1972), cert. denied, 411 U.S. 933 (1973). Generally, a defendant is required to provide specific examples of the anticipated witnesses' testimony and of their inability to testify because of the location of the trial. United States v. Spy Factory, Inc., 951 F. Supp. 450, 456 (S.D.N.Y. 1997); United States v. Haley, 504 F. Supp. 1124, 1126 (E.D. Pa. 1981). Because the location of the witnesses is the primary focus of Diaz's motion for transfer and Diaz has failed to supply the particulars necessary for the Court to truly weigh the matter, the Court would act well within the bounds of its discretion if it denied the motion.

In addition to identifying the shortcomings in Diaz's presentation on witness location, the Government has supplied sound reasons why venue is convenient in this district. In particular, the location of the events underlying the prosecution is weighted as much in favor of Maine as it is in favor of California. The Government observes that Maine events include "phone calls and text messages made and received in Maine in furtherance of the conspiracy, collection of drug proceeds in Maine owed to co-conspirators, and financial transactions made in Maine in furtherance of the conspiracy." (Gov't's Consol. Response at 9, ECF No. 65.) The Government also represents that Defendants' communications included discussions of drug trafficking in Maine. (Id.) Concerning the location of documents and records, the Government states that most of these are already present in Maine. (Id. at 9-10.) Concerning expense to the parties, the Government again observes that Diaz has not offered the Court anything more than a general assertion of additional expense. (Id. at 10.) If the Court assumes that the additional expense arises from the need to transport witnesses to Maine, there simply are no particulars in the movant's presentation for the Court to weigh. In comparison to this unknown quantity, it is not difficult to imagine the substantial expense the government would incur to transport its investigators, evidence, and witnesses to California. If there were concrete evidence favoring a

9

transfer, then the Government's expense might not be a weighty factor, but here there simply is no appreciable showing that a trial in California would be manifestly more convenient to Diaz than a trial in Maine.

None of the remaining Platt factors weighs strongly in favor of transfer. Counsel are all present in Maine, docket conditions in Maine presumably are more conducive to a prompt trial than in a district as busy as the Eastern District or the Central District of California,[6] and there are no representations that Defendants have any legitimate business interests at stake in California. Finally, with respect to the special circumstance of a family member's poor heath, Diaz's presentation does not suggest that this factor reasonably undermines his ability to mount a defense at trial or to personally participate in his defense. See United States v. Bowdoin, 770 F. Supp. 2d 133, 142 (D. D.C. 2011) ("When the relevant medical condition does not relate to a defendant but to a family member, a transfer is much less warranted and the burden of demonstrating relevance to the trial is higher.")

*B.     Summation*

Based on a review of the Platt factors, Defendant Diaz's presentation falls short in terms of demonstrating a legitimate basis for transfer of venue on the ground of convenience. Consequently, I recommend that the Court deny Defendant Diaz's Motion to Transfer Venue (ECF No. 61).

CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court DENY Defendants' venue-related motions: Defendant Razo's Motion to Dismiss for Improper Venue (ECF No. 56);

---

[6] The Government reports that Razo was incarcerated within the Eastern District of California and that "some drug shipments originated in the Central District of California." (Gov't's Consol. Response at 9 n.3.)

Defendant Diaz's Motion to Dismiss for Improper Venue (ECF No. 60); and Defendant Diaz's Motion to Transfer Venue (ECF No. 61).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 27, 2012  /s/ Margaret J. Kravchuk
U.S. Magistrate Judge