UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK RAZO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11-cr-00184-JAW-1 |
| v. | ) | 1:16-cv-00183-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON GOVERNMENT'S MOTION TO COMPLY**

Petitioner Mark Razo requests, pursuant to 28 U.S.C. § 2255, that the Court vacate, set aside or correct his sentence.  (Motion, ECF No. 269.)  Petitioner seeks relief pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  Counsel was appointed to represent Petitioner as to the *Johnson* claim.  (Order, ECF No. 270.)

The Government filed a "motion to comply" in which motion the Government requests the Court, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), inform Petitioner that his "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255" may be recharacterized as a first Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 28 U.S.C. § 2255, advise Petitioner that the recharacterization will subject him to the provisions of section 2255 regarding second or successive challenges, and allow Petitioner the opportunity to withdraw or amend his filing. (Motion, ECF No. 276.)   The Government suggests the request is appropriate because Petitioner filed his motion on a form intended to be used when a request is made to the First Circuit for leave to file a second or successive section 2255 motion, and because the Court docketed Petitioner's motion as a second motion under section 2255.  Petitioner filed a pro se response stating that he intended his filing to

be a first section 2255 motion. (Response, ECF No. 277.) Subsequently, Petitioner, through counsel, filed a request for the Court to treat his pro se filing as a first section 2255 motion. (ECF No. 278.)

> In *Castro*, the Supreme Court wrote:
>
> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

540 U.S. at 377.[1] The Supreme Court also explained that the reason for permitting a petitioner to amend the motion is "so that it contains all the § 2255 claims he believes he has." *Id.* at 383.

Although Petitioner is represented by counsel on his *Johnson* claim, which is the only claim asserted to this point, Petitioner is unrepresented as to any non-*Johnson* claim he may have. If *Castro* otherwise applies to Petitioner's case, therefore, the relief requested by the Government would be appropriate. Arguably, however, because Petitioner, proceeding pro se, informed the Court that he intends for his motion to be considered a first section 2255 motion, *Castro* does not apply. *See Young v. United States*, 2011 WL 5552893, at *1, 2011 U.S. Dist. Lexis 131867, at *3-4 (S.D. Ohio Nov. 15, 2011) (holding that the court's treatment of the petitioner's filing was not a recharacterization under *Castro* because the petitioner told the court he intended the filing to be

---

[1] When *Castro v. United States*, 540 U.S. 375 (2003) was decided, what is now codified at 28 U.S.C. § 2255(h) was codified at section 2255(8). The restrictions on second or successive motions thus now appear in section 2255(h) and in 28 U.S.C. § 2244, which is referenced in section 2255(h).

...

...

construed as a section 2255 motion). Regardless of whether the *Castro* warning is required, given that Petitioner's motion is clearly a first section 2255 motion and because Petitioner is pro se on any potential non-*Johnson* claims he might have, the issuance of the *Castro* warning is reasonable.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant the Government's motion (ECF No. 276) to comply, and advise Petitioner that (a) the Court has construed his pro se filing (ECF No. 269) to be a first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255; (b) the Court advise Petitioner that the recharacterization will subject him to the restrictions that 28 U.S.C. § 2255 imposes on second or successive collateral challenges; and (c) the Court permit Petitioner fourteen (14) days following the Court's order to withdraw or supplement his filing.[2]  I also recommend the Court order the Government to answer Petitioner's motion, or his amended motion in the event Petitioner files an amended motion, within 45 days of the Court's order. Finally, if the Court adopts this recommendation, consistent with the Court's intent to recharacterize Petitioner's filing as a first section 2255 motion, I recommend the Court grant Petitioner's motion (ECF No. 278) to construe his section 2255 motion as a first section 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[2] If Petitioner chooses to amend his motion, any new claims must be timely or must relate back to his initial section 2255 filing. *See United States v. Miller*, 2014 WL 3734212, at *2, 2014 U.S. Dist. Lexis 102124, at *5-6 (N.D. Ga. July 28, 2014); *Young v. United States*, 2011 WL 5552893, at *1, 2011 U.S. Dist. Lexis 131867, at *3-5 (S.D. Ohio Nov. 15, 2011). Withdrawal of the section 2255 motion is mentioned only because *Castro*, when applicable, requires the Court to inform a petitioner that he may choose either to withdraw or to amend the section 2255 motion. *Castro*, 540 U.S. at 377. In this case, if Petitioner were to withdraw the motion, any subsequent filing may run into statute of limitation issues with respect to the claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). *See* 28 U.S.C. § 2255(f)(3).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of July, 2016.