UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK RAZO,                     )<br>                                )<br>        Petitioner,             )<br>                                )     No. 1:11-cr-00184-JAW-1<br>    v.                          )<br>                                )<br>UNITED STATES OF AMERICA,       )<br>                                )<br>        Respondent.             )  | |

**ORDER ON MOTION FOR REDUCTION PURSUANT TO AMENDMENT 821**

On September 16, 2013, the Court sentenced Mark Razo to a term of three hundred months of incarceration, six years of supervised release, and no fine for engaging in a conspiracy to distribute controlled substances. *J.* (ECF No. 199). That same day, the Court sentenced Mr. Razo to a concurrent term of forty-eight months of incarceration, one year of supervised release, and no fine for three counts of unlawful use of a communication facility. *Id.* The Court also imposed a total of $400 in special assessments on all four counts. *Id.*

On November 1, 2023, amendments to the United States Sentencing Guidelines (U.S.S.G.) came into effect. On November 27, 2023, Mr. Razo filed a motion to reduce his sentence pursuant to Amendment 821, which also sought the appointment of counsel. *Def.'s Mot. for Reduction of Sentence Pursuant to Am. 821 and for Appointment of Counsel* (ECF No. 329) (*Def.'s Mot.*). On November 29, 2023, the United States Probation Office reviewed Mr. Razo's sentence and determined that he is not eligible for a sentencing reduction under Amendment 821. *Report Pursuant to Am. 821 to the United States Sentencing Guidelines for <u>Ineligible</u> Def.* (ECF No.

331) (emphasis in original). On December 21, 2023, Mr. Razo filed another motion for appointment of counsel and specifically asked the Court to appoint Attorney Jamesa Drake. *Mot. for Appointment of Counsel* at 1 (ECF No. 332) (*Mot. for Appointment*).

The Court is issuing this brief order to explain to Mr. Razo why the Court is not reducing his sentence and not granting his request for appointed counsel.

At Mr. Razo's September 16, 2013 sentencing hearing, the Court made its guideline calculations and determined that his total offense level was 42 and his criminal history category was Category VI, resulting in a guideline sentence of 360 months to life imprisonment, six years of supervised release, a fine from $25,000 to $20,000,000, and a $100 special assessment per count for a total of $400. *Statement of Reasons*, Attach. 1, *Findings Affecting Sentencing* (ECF No. 200). Under the Court's guideline calculation, Mr. Razo received a guideline enhancement of two levels under U.S.S.G. § 4A1.1(d) for having committed the instant offenses while under a criminal justice sentence. *PO Report*, Attach. 3, *Revised Presentence Investigation Report* ¶ 27 (ECF No. 304) (*PSR*). The Court also determined that Mr. Razo was a career offender and under U.S.S.G. § 4B1.1(b), his criminal history category was VI. *Id.* ¶ 28.

One part of Amendment 821, which is the amendment that occasioned Mr. Razo's motion, is U.S.S.G. § 4A1.1(e).[1] This provision changes the number of points

---

[1] The other part of Amendment 821, which allows for a two-level reduction for so-called Zero-Point Offenders, *see* U.S.S.G. § 4C1.1(a), does not apply to Mr. Razo, because he had eight criminal history points before the career offender provision applied, and therefore he was not under any

2

added to a defendant's criminal history score if the defendant committed the new offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). At the time of his sentencing hearing, two points were added to Mr. Razo's criminal history score under the former U.S.S.G. § 4A1.1(d) because he was under a criminal justice sentence when he committed these federal crimes. Under Amendment 821, this two-level enhancement would potentially be reduced from two to one, meaning that Mr. Razo's overall criminal history score would decrease by one point. *See* U.S.S.G. § 4A1.1(e). Accordingly, Mr. Razo might have been eligible for a one-level Amendment 821 reduction, but for another provision of the guidelines.

As the Presentence Investigation Report confirms, Mr. Razo was a career offender under U.S.S.G. § 4B1.1(b) at the time of his sentencing hearing. Under that provision, the Court was required to increase Mr. Razo's criminal history category to VI regardless of his overall criminal history score. U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI"). Thus, unfortunately for Mr. Razo, he does not fit within the provision of U.S.S.G. § 4A1.1(e) because he was a career offender under U.S.S.G. § 4B1.1(b) and, therefore, the reduction of one criminal history point before application of the career offender provision had no effect on his guideline calculation.

In his newly filed motion for appointment of counsel, Mr. Razo asserts that he no longer qualifies as a career offender. *Mot. for Appointment* at 1. In the PSR, the PO concluded that Mr. Razo was a career offender based on the nature of his offenses

---

calculation a Zero-Point Offender. Mr. Razo is not eligible for a reduction under this provision of Amendment 821.

3

and his prior convictions. *PSR* ¶ 21. In maintaining that he no longer qualifies for career offender status, Mr. Razo is presumably referring to the argument he put forward in his August 8, 2022 amended motion for compassionate release. *See Am. Mot. for Compassionate Release* (ECF No. 312) (*Mot. for Compassionate Release*). But on May 3, 2023, the Court concluded that even if Mr. Razo would not now qualify as a career offender, his guideline range would have remained the same. *Order on Am. Mot. for Compassionate Release* (ECF No. 322) (*Compassionate Release Order*).

As the Court observed in its May 3, 2023 order, Mr. Razo had two prior convictions at the time of his sentencing: a controlled substance offense for which he had been sentenced to three years of incarceration and an evading officer against traffic offense for which he had been sentenced to sixteen months of incarceration. *Id.* at 13 (citing *PSR* ¶¶ 25-26). Mr. Razo argued that the evading offense would no longer count as a predicate offense for career offender status under Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, nearly three years after Mr. Razo was sentenced. *Id.* at 13 (citing *Mot. for Compassionate Release* at 13-14); U.S.S.G. App. C, amend. 798 (Supp. Nov. 1, 2016). The Court ultimately declined to reach the merits of Mr. Razo's argument, concluding instead that Mr. Razo's status as a career offender "does not matter, because he would have faced the same guideline sentence range regardless of whether he qualified for career offender status." *Compassionate Release Order* at 14.

The Court sees no reason to revisit the conclusions in its May 3, 2023 order, even in light of Amendment 821. In 2017, the First Circuit held that Amendment

4

798, which relaxed the range of offenses subject to career offender status, was not retroactive,[2] and observed that "sentencing courts are not mandated to take into consideration non-retroactive substantive amendments to the Guidelines." *United States v. Wurie*, 867 F.3d 28, 35, 37 (1st Cir. 2017). Thus, Mr. Razo's career offender argument fails from the start because under First Circuit law, Amendment 798 does not apply to him since it was not in effect when he was sentenced. As this Court owes allegiance to the rulings of the Court of Appeals for the First Circuit, the Court must obey the First Circuit's rulings on issues of law under the doctrine of stare decisis. *United States v. Moore-Bush*, 963 F.3d 29, 36 (1st Cir. 2020); *Eulitt ex rel. Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 348 (1st Cir. 2004); *Gately v. Massachusetts*, 2 F.3d 1221, 1226 (1st Cir. 1993).

Mr. Razo's claim fails for another reason. The *Wurie* Court left the door open a crack for district courts to consider non-retroactive sentencing guideline amendments on resentencing. 867 F.3d at 37 ("[S]entencing courts are not mandated to take into consideration non-retroactive substantive amendments to the Guidelines that post-date a defendant's sentencing"). Thus, it is prudent to determine whether Amendment 798 would have affected Mr. Razo's guideline calculations if it had been effective as of the date of his sentencing hearing. However, even assuming, for the sake of argument, that Mr. Razo would not qualify as a career offender under Amendment 798, his guideline range would remain unchanged, even after the

---

[2] Referring to Amendment 798 and citing *United States v. Strevig*, 663 F. App'x 908, 913-14 (11th Cir. 2016), the First Circuit in *Wurie* wrote that "[t]he Sentencing Commission can opt to make amendments retroactive, but it chose not to do so in this case." *Wurie*, 867 F.3d at 35 & n.7.

enactment of Amendment 821. If Mr. Razo were not a career offender, his criminal history category would decrease from VI to IV based on his eight criminal history points. The new U.S.S.G. § 4A1.1(e), enacted under Amendment 821, would further decrease Mr. Razo's criminal history score by one point. But this one-point decrease would have no effect on Mr. Razo's criminal history category, which would remain at IV based on Mr. Razo's seven criminal history points. U.S.S.G. ch. 5, pt. A (Sentencing Table). The guideline range for a base offense level of 42 and a criminal history category of IV is 360 months to life imprisonment, which is the same as the guideline range for a base offense level of 42 and a criminal history category of VI. *Id.* In other words, even if the Court were to credit Mr. Razo's arguments about his status as a career offender, Mr. Razo's guideline range would remain unchanged.[3]

Because Mr. Razo's guideline range is the same irrespective of his status as a career offender, the Court is unable to offer him any relief. Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). As Amendment 821 does not have the effect of reducing Mr. Razo's sentencing guideline range, the Court may not reduce his sentence pursuant to Amendment 821.

---

[3]   In his December 21, 2023 motion to appoint counsel, Mr. Razo also argues that he is eligible for a two-point reduction of his base offense level. *Mot. for Appointment* at 1. Mr. Razo does not identify what provision of the Sentencing Guidelines would entitle him to such a reduction, but the Court observes that the guideline range for a base offense level of 40 and a criminal history category of IV is still 360 months to life imprisonment. Therefore, even if the Court accepted this argument, it too would not change Mr. Razo's guideline range.

The Court rejects Mr. Razo's motion for appointment of counsel because the result the Court has reached on this motion is clearly mandated by law and by the guidelines and defense counsel could not affect the Court's ruling.

The Court DISMISSES without prejudice the Defendant's Motion for Reduction of Sentence Pursuant to Amendment 821 and for Appointment of Counsel (ECF No. 329) and the Defendant's Motion for Appointment of Counsel (ECF No. 332).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of December, 2023